IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| Dale Gallaway, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   1:18-cv-165 |
| | ) | |
| Grassy Sprain Group, Inc., a Florida | ) | |
| Corporation, and F&M Law Firm, P.S.C. | ) | |
| d/b/a Fenton Law Firm, P.S.C., a | ) | |
| Kentucky corporation, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Dale Gallaway, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) many of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Dale Gallaway ("Gallaway"), is a citizen of the State of Indiana, residing in the Northern District of Indiana, from whom Defendants attempted to collect a defaulted consumer debt that she allegedly owed for a payday/internet loan, despite the fact that she had exercised her rights to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for

Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Grassy Sprain Group, Inc. ("Grassy"), is a Florida corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. Grassy operates a defaulted debt collection business, and attempts to collect debts from consumers in many states, including consumers in the State of Indiana. In fact, Defendant Grassy was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant Grassy is a bad debt buyer that buys portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant Grassy's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

6. Defendant, F&M Law Firm, P.S.C., d/b/a Fenton Law Firm, P.S.C. ("Fenton"), is a Kentucky corporation and law firm that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Fenton operates a defaulted debt collection business, and attempts to collect debts from consumers in several states, including consumers in the State of Indiana. In fact, Defendant Fenton was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

7. Defendants Grassy and Fenton conduct business in Indiana.

8. Moreover, Defendant Grassy acts as a debt collection agency in Indiana.

**FACTUAL ALLEGATIONS**

9. Ms. Gallaway is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a CircleBack Lending ("CircleBack") payday/internet loan. In response to her financial problems, Ms. Gallaway sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her debt problems, including the CircleBack debt.

10. Accordingly, on December 11, 2015, one of Ms. Gallaway's legal aid attorneys informed CircleBack that Ms. Gallaway was represented by counsel, and directed CircleBack to cease contacting her and to cease all further collection activities because Ms. Gallaway was forced, by her financial circumstances, to refuse to pay her unsecured debt. A copy of this letter is attached as Exhibit A.

11. Thereafter, Defendant Grassy then bought/obtained Ms. Gallaway's alleged CircleBack account, ignored the information in the account notes that told it, as the successor-in-interest, that it could no longer call or write Ms. Gallaway and sent Ms. Gallaway a collection letter, dated October 19, 2017, demanding payment of the CircleBack debt. Moreover, this letter stated that the "Total Amount Due" was $5,086.08. A copy of this collection letter is attached as Exhibit B.

12. That same day, October 19, 2017, Defendant Grassy also had Defendant Fenton send Ms. Gallaway a collection letter demanding payment of the CircleBack debt. This letter stated that the "Current Balance Due" was $5,400.90. Defendants also sent letters dated November 2, 2017 and November 27, 2017, which continued to state that the amount owed was $5,400.90. Copies of these letters are attached as Group Exhibit C.

13. Accordingly, on April 25, 2018, Ms. Gallaway's legal aid attorneys had to inform Defendants again, in writing, that they represented Ms. Gallaway, that she refused to pay the debt and that Defendants should cease communications. Copies of this letter and fax confirmation are attached as Exhibit D.

14. Defendants' violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that she had the right to refuse to pay this debt and to demand that collection communications cease, Defendants' collection communications made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

15. Moreover, violations of the FDCPA which would lead a consumer to alter her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012).  Here, Defendants' actions caused Plaintiff to question whether she was still represented by counsel as to this debt, which caused stress and confusion as to whether she was required to pay the debt at issue.  Moreover, by sending Plaintiff separate letters that listed different amounts due on what appears to be the same debt, Defendants caused Plaintiff to be confused as to the amount she needs to pay.

16. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

17. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

18. Plaintiff adopts and realleges ¶¶ 1-17.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

20. Here, the letter from Plaintiff's attorneys to Defendant Grassy's predecessor-in- interest (Exhibit A) told Defendants to cease communications and cease collections.  By directly communicating with Plaintiff regarding this debt and demanding payment (Exhibit B and Group Exhibit C), Defendants violated § 1692c(c) of the FDCPA.

21. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

22. Plaintiff adopts and realleges ¶¶ 1-17.

23. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

24. Defendants knew, or readily could have known, that Plaintiff was

represented by counsel in connection with her debts because her attorneys had given notice in writing, to Defendant Grassy's predecessor-in-interest, that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff. By directly sending Plaintiff collection letters (Exhibit B and Group Exhibit C), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

25.    Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692e
### Making False Statements

26.    Plaintiff adopts and realleges ¶¶ 1-17.

27.    Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, see 15 U.S.C. § 1692e.  More specifically, § 1692e(2)(A) of the FDCPA prohibits debt collectors from the false representation of "the character, amount or legal status of any debt", see 15 U.S.C. § 1692e(2)(A).

28.    Defendants, by sending separate letters that stated two different amounts owed on the same debt on the same date, made statements that were false and deceptive.  By making false and deceptive statements in connection with the collection of a debt, Defendants violated § 1692e of the FDCPA.

29.    Defendants' violations of § 1692e of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT IV
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

30. Plaintiff adopts and realleges ¶¶ 1-17.

31. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

32. Defendants, by sending separate letters that stated two different amounts owed on the same debt on the same date, used unfair and unconscionable collection means to collect a debt, in violation of § 1692f of the FDCPA.

33. Defendants' violations of § 1692f of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Dale Gallaway, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Gallaway, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Dale Gallaway, demands trial by jury.

Dale Gallaway,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: June 6, 2018

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com